**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4049**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRYL E. GALLOWAY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:14-cr-00041-FL-1)

Submitted:  June 15, 2018                                      Decided:  July 5, 2018

Before TRAXLER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan Dubois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Banumathi Rangarajan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl E. Galloway appeals the 12-month sentence imposed upon revocation of his supervised release. Galloway argues that the district court imposed a substantively unreasonable revocation sentence, as his requested sentence of six months' imprisonment would have more appropriately served the relevant purposes of sentencing. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). We first must determine whether the sentence is procedurally or substantively unreasonable, evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). Only if we find a sentence unreasonable must we determine whether it is "plainly" so. *United States v. Thompson*, 595 F.3d 544, 547-48 (4th Cir. 2010).

"[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). In exercising its discretion to impose a revocation sentence, "a district court is guided by the Chapter Seven policy statements under the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3582(e) [(2012)]." *Webb*, 738 F.3d at 641. Ultimately, "the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted). A

2

revocation sentence within the applicable policy statement range is presumed substantively reasonable on appeal. *Id.*

We conclude that Galloway fails to rebut the presumption of reasonableness accorded his within-range sentence. Galloway contends that the district court was required to impose a shorter sentence to adequately account for the most relevant sentencing factor in his case: the need to provide him with mental health treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D). As Galloway recognizes, however, a court fashioning a revocation sentence also appropriately sanctions a defendant's breach of the court's trust in violating the terms of his supervised release. *See Webb*, 738 F.3d at 641; *United States v. Bennett*, 698 F.3d 194, 202 (4th Cir. 2012).

Here, the court aptly recognized that, despite its repeated leniency to Galloway in response to his several prior violations, Galloway squandered this opportunity, breaching the court's trust by continuing to use drugs and refusing to adhere to mental health treatment. Galloway contends that he would receive more appropriate treatment outside the Bureau of Prisons. However, he was provided ample opportunity to obtain such treatment while on supervised release but failed to avail himself adequately of those resources. In light of Galloway's own statements and actions while on release, the court reasonably questioned the sincerity of Galloway's requests for treatment and found that he had proven himself unsuitable for supervision. Although we are not unsympathetic to Galloway's struggles, in view of the totality of the circumstances, we conclude that the court's sentence was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*